MARK McPHETERS *vs.* WILLIAM A. KIMBALL.

Piscataquis.    Opinion February 27, 1905.

*Replevin.    Contract.    Rescission.    Tender.*

The plaintiff exchanged a cow with the defendant, receiving of him a heifer and $8.00 in money. After examining the heifer, the plaintiff claimed that the defendant had misrepresented as to her size and qualities, and undertook to rescind the trade by restoring to the defendant the heifer and the money. The plaintiff returned the heifer and left her in the defendant's barn and offered to repay the identical money which he had received of the defendant with the heifer in exchange for the cow, but the defendant refused to accept the money. The plaintiff did not bring this money into court with his writ nor produce the same at the trial.

A party rescinding a contract must do all that is practicable to place the other party in statu quo. What he cannot restore on account of opposition he must put in custodia legis, so that it can be had upon request at least before verdict.

A tender must be kept good so that the other party shall know that he can at any time get his money or goods back without being put to an action to recover the same.

*Held:* That the plaintiff, after having made a tender and done all that was necessary to affect a rescission of the contract and authorize an action, failed to keep his tender good by bringing it into court with his writ, or at least at the trial, and that by reason of this failure he cannot maintain his action.

On exceptions by defendant.    Sustained.

Replevin for a cow. Plea, general issue and a brief statement alleging that the cow was the property of the defendant and not of the plaintiff. Verdict for plaintiff.

The case is sufficiently stated in the opinion.

*Henry Hudson,* for plaintiff.

*J. S. Williams,* for defendant.

SITTING: WISWELL, C. J., EMERY, STROUT, SAVAGE, SPEAR, JJ.

SPEAR, J. This is an action of replevin involving the title to a cow and comes up on exceptions. The plaintiff exchanged a cow with the defendant, receiving of him a heifer and eight dollars in money. After examining the heifer, the plaintiff claimed that the defendant had misrepresented as to her size and qualities, and undertook to rescind the trade by restoring to the defendant the heifer and the money.

After the plaintiff had put in his case, the defendant moved for a nonsuit, on the ground that the tender, if made, was not kept good by producing the money in court, and also excepted to the charge of the justice, who did not give an instruction to this effect. It appears that the plaintiff received the heifer about seven o'clock in the evening and, after discovering the deception as to her qualities, on the same evening took a deputy sheriff with a replevin writ, found the defendant and then and there told him that he had misrepresented the heifer and that he had come "to shift with him, to get his cow and settle the matter, and tendered him the eight dollars that he paid to boot." He said it was the same money he had received from the defendant and that the defendant took it, and "in the course of five minutes, we were talking the matter over, he come and laid it on the buffalo in my lap in the sleigh and said he wouldn't take it." The plaintiff also says that, at the same time, he told the defendant he was going to return the heifer. That night, or rather, shortly after midnight the next morning, the plaintiff took the heifer back to the defendant's barn and left her there and at the same time saw his cow in the barn, locked to a stanchion, so he could not take her. If the defendant's contention is correct that the plaintiff should have tendered to the defendant the money and heifer at the same time, yet if

the defendant, by any act or declaration of his, precluded the offer of tender as a useless form, the plaintiff would, thereafter, be required to make restitution only so far as practicable in view of the attitude of the defendant.   If the defendant would not take the money the plaintiff could not compel him to.   The only other thing the plaintiff could do was to return the heifer and this he did do before taking his cow.

If the defendant refused to rescind, the plaintiff had a right, upon restoring or tendering to the defendant the heifer and money, to replevy his cow without demand or notice.   As the possession of the cow was obtained by unlawful means, namely, by fraudulent misrepresentation, he might treat the possession of the cow by the defendant as tortious, by relation, from the time of the first taking.

If the case stopped here and involved only the conduct of the parties, with respect to the acts necessary to constitute a rescission of the contract and authorize an action by the plaintiff, the result might be different, but, unfortunately for the plaintiff, something more was required of him.

It is a well settled rule of law that the party rescinding must do all that is practicable to place the other party in statu quo.   What he cannot restore on account of opposition he must put in custodia legis, so that it can be had upon request, at least before verdict, otherwise he can not maintain his action.

Therefore in this case we find that the plaintiff, after having made a tender and done all that was necessary to effect a rescission of the contract and authorize an action, failed to keep his tender good by bringing it into court with his writ, or at least at the trial.

A tender must be kept good so that the other party shall know that he can at any time get his money or goods back without being put to an action to recover them.   In *Thayer* v. *Turner*, 8 Met. 550, Chief Justice Shaw says, "The plaintiff as far as it is in his power shall put the defendant in statu quo by restoring and revesting his former property in him, without putting him to an action to recover it, before he can exercise his own right to take back the property sold or bring an action for it."   While there need not be any plea of tender filed in this case, as in an action of debt, yet it would seem that

the tender itself should be kept good, the money be always ready and brought into court with the writ, or at least, at the trial.    In New York it is held "if a tender was necessary in this case to effectuate a rescission of the contract, I cannot see upon what principle it can be maintained that the plaintiff need not keep the tender good, and was not obliged to produce the money received on the trial."    *Stevens* v. *Hyde*, 32 Barbour, 183.

For the failure of the plaintiff to keep his tender good, the entry must be,

*Exceptions sustained.    New trial granted.*